The judgment of the court was pronounced by
Rost, J.
The object of this suit is to recover a balance alleged to be due on a note originally made by the defendant, to the order of Eloy Segura, the first husband of the plaintiff. The defence is, that this debt has been extinguished by novation, the amount of it having been included in a note, subsequently given by the defendant to Eloy Segura, which has been paid since the death of the latter. The defendant, who can neither read nor write, has adduced the testimony of the two subscribing witnesses, to his ordinary mark on the last note, and also of another person, who was present when the note was given. The testimony fully sustains the defence. The district judge being of opinion, that it did, gave judgment against the plaintiff, and she appealed.
Viren the inventory of the succession of Eloy Segura was made, the two notes of the defendant, being found among his papers, were included in it. This inventory bears the ordinary mark of the defendant, who was acting in the proceedings of the succession, as the under-tutor of the minor heirs ; hence, objections were made by the plaintiff’s counsel, to the admissibility of the parol adduced, on the ground that the defendant could not, in that manner, contradict the written act signed by himself, after the death of Eloy Segura, by proving an agreement between himself and the said Eloy prior to his death; and that the notary, who was one of the witnesses examined, could not be permitted by parol, to contradict, add to, or take from the inventory made by him; and that the object of said testimony was to contradict and annul a portion of the inventory. The judge overruled these objections, and the plaintiff has brought the question before us by bills of exception.
The objections were properly overruled ; the evidence was admissible to show the consideration of the note, and that it had been extinguished by novation or otherwise. The testimony did not contradict the note, nor did it add to or take any thing from it. The acts which cannot be contradicted by parol evidence, are those which contain contracts, and create mutual obligations; an inventory is not such an act; the notary was bound to include in it all the important papers found in the possession of the deceased. If, among the notes inventoried, there were any which did not belong to the succession, the notary was without authority to decide the question of ownership: his functions were purely ministerial, and cannot conclude the legal rights of the defendants, notwithstanding his presence at the taking of the inventory.
The judgment is therefore affirmed, with costs.